## DOURTE & IRELAN, INCORPORATED, v. PENNSYLVANIA RAILROAD COMPANY.

Decided June 22, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the rule, *Bourgeois & Coulomb.*

*Contra, Charles W. Letzgus.*

PER CURIAM.

The plaintiff sued to recover compensation for damages done to its truck, which was struck by a train of the defendant company while crossing over the latter's tracks, in the county of Burlington. The contention of the plaintiff was that the accident happened because of the failure of the railroad company to install a crossing bell or to have any other protection in the way of a warning located at the crossing; and, further, that no bell was rung or whistle blown as the train approached. Assuming all of these facts to be satisfactorily proved, it seems to us that the verdict in favor of the plaintiff cannot be justified. It conclusively appeared that there was an unobstructed view down the track in the direction from which the train was approaching for more than a quarter of a mile. The driver of the truck testified that he failed to observe the approach of the train because from the place in which he was sitting in the truck it was im-

possible for him to see in that direction, and that, consequently, he did not know that the train was approaching until he was partly across the track. According to his own story, his conduct was very largely the cause of the accident. If he could not see in the direction from which the train was approaching from the place where he was sitting in the truck, it was his duty, not only for his own protection, but for the protection of his master's property, to change his position to one from which he could see, or, if it was impossible to observe the approach of a train from any place in the truck, then it was his duty to get out of that vehicle and go forward and make the observation necessary for his own protection and that of his master.

We conclude that, for the reason indicated, the rule to show cause should be made absolute.